**Dietrich Walter HUBER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24944.**

United States Court of Appeals
Fifth Circuit.

Feb. 21, 1968.

Dietrich Walter Huber, pro se.

Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM:

This appeal from an adverse ruling below upon a motion for relief under Title 28, U.S.C. Sec. 2255, presents another attempt by a federal prisoner to receive credit for time spent in pre-sentence custody.[1]

Appellant is serving a three-year sentence for interstate transportation of forged securities, imposed on March 2, 1966 (prior to the June 22, 1966 amendment of Title 18, U.S.C. Sec. 3568) in violation of Title 18, U.S.C. 2314, which carries a maximum penalty of ten years imprisonment or a fine of $10,000, or both.

The question raised by appellant was decided adversely to his contentions by our decision in Bryans v. Blackwell, 387 F.2d 764 (December 20, 1967) in which this Court adopted and applied the reasoning of Stapf v. United States (1966), 125 U.S.App.D.C. 100, 367 F.2d 326, and Dunn v. United States (4 Cir., 1967), 376 F.2d 191, and adopted the conclusive presumption theory of those cases. This means that since Huber received a three-year sentence under a statute, Title 18, U.S.C Sec. 2314, carrying a maximum of ten years in prison it is conclusively presumed that the trial court in imposing sentence gave him credit for the time spent in presentence custody. The judgment of the lower court is affirmed.

---

1. The motion alleges that this time was spent in federal custody. The brief of the United States states that the 85 days in question were spent in State rather than federal custody and refers to a pre-sentence report as proof. If the pre-sentence report were before the Court (which it is not) this fact in itself would be sufficient basis for affirmance of the lower court's denial of the motion. This is so because the statute relied upon, Title 18, U.S.C. Sec. 3568, as amended in 1966, both prior to and after the amendment, provided for credit only for time spent in custody in connection with the offense for which sentence was imposed. In view of our disposition of the case the point becomes immaterial.