

Kenneth Owens Ashworth, in pro. per.

J. H. Reddy, U. S. Atty., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for appellee on brief.

Before EDWARDS, CELEBREZZE, and McCREE, Circuit Judges.

PER CURIAM.

This is an appeal from the denial by the District Court of Appellant's motion, under 28 U.S.C. § 2255, to vacate an allegedly illegal sentence.

On October 25, 1961, Appellant was convicted on a plea of guilty for the offense of transporting a stolen motor vehicle in interstate commerce, in violation of 18 U.S.C. § 2312. He was given credit for the 86 days which he had spent in jail awaiting trial, and, further jail sentence being suspended, he was placed on probation for a period of two years. On May 14, 1962, he was convicted of a felony in a Tennessee state court, and sentenced to 3 to 6 years in the state penitentiary. On August 10, 1966, following his release, he appeared in the District Court for violation of probation. His probation was continued for a period of one year. On April 14, 1967, Appellant was again taken into custody for violation of probation, and on May 8, his

**Kenneth Owen ASHWORTH, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 18168.**

United States Court of Appeals Sixth Circuit.

March 20, 1968.

probation was revoked and he was sentenced to prison for a period of 18 months.

Appellant contends that the sentence of 18 months' imprisonment is illegal because: (1) his original sentence of probation continued to run while he was imprisoned in the state penitentiary, and had therefore been completed prior to his present imprisonment; (2) he was entitled to credit for the period between April 14, 1967 and May 8, 1967, which he spent in jail awaiting disposition of his probation violation; and (3) counsel was not appointed for him during the probation revocation proceedings.

 We find the first two grounds to be without merit. During the period of Appellant's incarceration by the state, his federal probation period was tolled. United States v. Gerson, 302 F.2d 430 (6th Cir. 1962). Even if the 1966 amendment to 18 U.S.C. § 3568, concerning the crediting of jail time, were held to be applicable to this case, we would presume, by virtue of the fact that a less-than-maximum sentence had been imposed, that Appellant had been given credit for the period of April 14–May 8. See Stapf v. United States, 125 U.S.App. D.C. 100, 367 F.2d 326 (1966); Dunn v. United States, 376 F.2d 191 (4th Cir. 1967).

We hold, however, that the third ground advanced by Appellant requires vacation of his sentence. In Mempa v. Rhay,[1] 389 U.S. 128, 88 S.Ct. 254, 19 L. Ed.2d 336 (1967), a case involving revocation of probation by the State of Washington, the Supreme Court held that counsel must be provided at revocation proceedings. Among the factors cited by the Court in support of its holding was the importance of counsel in presenting evidence to the court as to the length of sentence which might appropriately be imposed on the probation violator. The Court observed that although a Washington judge is required by statute to impose the maximum sentence, the judge's recommendation carries great weight with the prison authorities who actually determine the length of the sentence. The advice of counsel would appear to be of even greater significance in a federal court, where the judge himself has broad discretion in determining the length of the sentence. See 18 U.S. C. § 3653.

The judgment of the District Court is reversed and the case is remanded with instructions to appoint counsel for Appellant to assist him during any further proceedings concerning violation of his probation.

---

1. We observe that this case was decided after the District Judge's determination of the fact of probation violation.