**Walter Olie NOORLANDER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19249.**

United States Court of Appeals
Eighth Circuit.

Dec. 10, 1968.

Barton S. Blond and Daniel M. Dibble of Lathrop, Righter, Gordon & Parker, Kansas City, Mo., for appellant.

Calvin K. Hamilton, U. S. Atty., Kansas City, Mo., and Anthony P. Nugent, Jr., First Asst. U. S. Atty., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and HEANEY, Circuit Judges.

PER CURIAM.

This is a timely in forma pauperis appeal from final orders denying defendant's identical Rule 35, Fed.R.Crim.P., motions to correct a sentence of seven years imposed upon him on October 14, 1964, upon his conviction on a charge of violating 18 U.S.C.A. § 2314, and a six-year eleven-months sentence imposed on November 20, 1964, upon conviction on a separate charge of violation of the same statute. Such sentences ran concurrently.

Defendant was arrested on August 8, 1964. By reason of his inability to provide bail, he was incarcerated continuously from the date of his arrest to the date of his conviction, a period of some sixty-eight days. Eighteen U.S.C.A. § 2314, upon which each conviction was based, provides a maximum penalty of ten years and makes no provision for a minimum penalty.

The sole issue presented by this appeal is whether a defendant who,

prior to the enactment of the 1966 amendment to 18 U.S.C.A. § 3568, was convicted of an offense which does not carry a minimum mandatory punishment and who was sentenced to less than the maximum sentence provided for the offense, is entitled to have the sentence imposed reduced by the number of days defendant was incarcerated for want of bail prior to the sentencing.

The trial court properly determined under the circumstances of this case that the defendant is not entitled to have the sentence imposed reduced by the period of his pre-sentence incarceration. Section 3568 as it stood in 1964 appears by its plain and unambiguous terms to require credit for pre-sentence incarceration for want of bail only in instances where the statute prescribing the sentence requires the imposition of a minimum mandatory sentence. See Sawyer v. United States, 8 Cir., 376 F.2d 615, 617; Scott v. United States, 8 Cir., 326 F.2d 343, 344. The provisions of the 1966 amendment are not retroactive. Bandy v. United States, 8 Cir., 396 F.2d 929, 930; Amato v. United States, 3 Cir., 374 F.2d 36.

■ For the purpose of this appeal, it is not necessary for us to reach the statutory interpretation or constitutional issues raised by the defendant. Where, as here, no minimum sentence is required and the sentence imposed is less than the maximum, courts have presumed that the sentencing court in imposing sentence took into consideration the pre-sentence time served. Lee v. United States, 9 Cir., 400 F.2d 185, 188; Ashworth v. United States, 6 Cir., 391 F.2d 245; Huber v. United States, 5 Cir., 390 F.2d 544; Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326.

■ The sentences here involved were pronounced by Judge Duncan. The present motions were heard and ruled upon by Judge Collinson. Under the authorities just cited, Judge Collinson was justified in presuming that the pre-sentence incarceration was given full consid-eration by Judge Duncan at the time of imposition of the sentences.

Dunn v. United States, 4 Cir., 376 F.2d 191, relied upon by defendant, is clearly distinguishable factually, for as the court clearly points out, the maximum sentence was imposed. Hence, no room was left for the presumption that consideration was given to pre-sentence incarceration. We need not for the purpose of deciding this case determine whether the *Dunn* case was correctly decided, and we do not do so.

The orders denying defendant relief under Rule 35 are affirmed.