William Eugene SWIFT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20400.

United States Court of Appeals, Eighth Circuit.

Nov. 19, 1970.

Rehearing Denied Jan. 13, 1971.

William Eugene Swift, pro se.

Allen L. Donielson, U. S. Atty., and John B. Grier, Asst. U. S. Atty., Des Moines, Iowa, on brief, for appellee.

Before VAN OOSTERHOUT and BRIGHT, Circuit Judges, and NEVILLE, District Judge.

NEVILLE, District Judge.

This is a timely pro se appeal from an order denying defendant's petition brought under 28 U.S.C. § 2255 [1] to correct a prison sentence of 10 years imposed on him in 1963 for violation of 18 U.S.C. § 2113(a), bank robbery, which statute provides for a maximum penalty of a $5,000 fine or imprisonment for not more than 20 years or both. No mandatory minimum sentence is prescribed. Prior to the date of imposition of his

---

1. The petition filed with the trial court was styled "Petition for an Order Granting Credit for Time Spent in Pre Sentence Custody for Want of Bail", but according to petitioner's own brief (p. 2) "the appeal is now being taken as if the judgment of the district court was entered under the provisions of 28 U.S.C. § 2255, as it properly should have been." We agree that the petition should be deemed a motion cognizable under § 2255, and we need not rule on whether it could, or should be classified as a motion to correct an illegal sentence under Rule 35 of the Federal Rules of Criminal Procedure.

sentence, defendant had been continuously confined in jail for a period of 172 days, for want of bail. He seeks credit against his sentence for these 172 days.

The District Court, Chief Judge Stephenson stated in his order that he had no independent recollection of the circumstances surrounding the sentencing and that a review of the record in the original proceeding did not indicate whether any consideration had been given to presentence incarceration.

■ Administrative credit for presentence custody is established by 18 U.S.C. § 3568, as amended. The 1966 amendment to that statute requires that all time spent in presentence confinement be credited to the petitioner's sentence, but is applicable only to sentences imposed after its effective date. At the time petitioner herein received his sentence in 1963 the 1960 amendment to section 3568 was in effect and read in part:

"* * * The Attorney General shall give any such [convicted] person credit towards service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a *minimum mandatory sentence,* * * *" [Emphasis added]

The statute under which petitioner was convicted and sentenced does not prescribe a mandatory minimum sentence. Thus petitioner is not entitled to administrative credit under the above § 3568. Noorlander v. United States, 404 F.2d 603, 604 (8th Cir. 1968).

■■ Where the sentence imposed is the statutory maximum, the length of the sentence itself conclusively shows that credit for presentence incarceration was not given. Here, however, the sentence was sufficiently below the statutory maximum to permit the presumption to apply that the sentencing court gave credit therefor. Petitioner's contention that under such circumstances a complete evidentiary hearing is required

in order to determine whether such credit was in fact given by the sentencing court has no merit and has been determined adversely to him by this court heretofore. Two prior cases decided by this court are controlling. United States v. Whitfield, 411 F.2d 545 (8th Cir. 1969). Noorlander v. United States, *supra.*

The judgment below is affirmed.

### On Petition for Rehearing

NEVILLE, District Judge.

In a petition for rehearing filed by defendant-appellant he assets that the court "either overlooked or misapprehended the single issue presented" namely the question of whether the 1960 amendment to 18 U.S.C. § 3568 is or was unconstitutional. In Noorlander v. United States, 404 F.2d 603 (8th Cir. 1968), we said:

"For the purpose of this appeal, *it is not necessary for us to reach the statutory interpretation or constitutional issues raised by the defendant.* Where, as here, no minimum sentence is required and the sentence imposed is less than the maximum, courts have presumed that the sentencing court in imposing sentence took into consideration the pre-sentence time served. Lee v. United States, 9 Cir., 400 F.2d 185, 188; Ashworth v. United States, 6 Cir., 391 F.2d 245; Huber v. United States, 5 Cir., 390 F.2d 544; Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326." [Emphasis added]

■ This court is therefore committed to the view that since there exists a presumption that defendant-appellant received credit for presentence incarceration, no challenge to constitutionality can be sustained. Though the 1960 amendment to § 3568 provides credit for presentence custody only where there exists a statutory minimum mandatory sentence, it would seem that only those sentenced under some other type of statute where such credit was *not* given would have standing to challenge the constitutionality of the statute. Here defendant-appellant was sentenced for but one-

half of the maximum provided for bank robbery and thus was given credit for his presentence jail time by virtue of the aforementioned presumption. Therefore he cannot urge that the statute discriminates or is constitutionally infirm as to him. If a statute treats classes of persons in different ways, but a particular person receives the most favorable treatment the statute provides in any event, he cannot contest constitutionality on the theory that someone else might be discriminated against if he himself has not been. Defendant-appellant has not been so discriminated against and thus as to him the application of the statute (by virtue of the presumption of credit) did not embody a denial of equal protection nor due process.

Appellant's petition for rehearing is denied.