492 A.2d 324

Samuel **WILDER**

v.

**STATE of Maryland.**

No. 1066, Sept. Term, 1984.

Court of Special Appeals of Maryland.

May 10, 1985.

Bradford C. Peabody, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Valerie J. Smith, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Michael Flannery, Asst. State's Atty. for Baltimore City, Baltimore, on brief), for appellee.

Submitted before WEANT, BISHOP and KARWACKI, JJ.

WEANT, Judge.

In appealing the revocation of his probation, Samuel Wilder reminds us of a savvy politician at a social event; just as the politico "works" the crowd to accomplish his objectives, the appellant is attempting to manipulate the judicial system to his own advantage. Accordingly, appellant will be hoisted by his own petard.

In February 1982, Wilder pled guilty to one count of child abuse. Thereafter, the Circuit Court for Baltimore City imposed a five-year sentence of incarceration which it suspended in favor of a five-year period of supervised probation. In addition to the standard conditions, the court's order provided that Wilder obtain psychiatric counseling

and attend a group therapy course on parenting given by the Department of Social Services.

On 14 September 1983, the court (Hammerman, J.) found that Wilder had violated its order by failing to attend the group sessions. The court revoked appellant's probation and reinstated the original five-year term. Wilder appealed.

Although the exact date is not clear from the record, at some point after the 14 September hearing, appellant was released on bond. In a *per curiam* opinion issued on 1 May 1984, this Court concluded that certain questions involving the reason for Wilder's failure to attend the group therapy could not be resolved on the evidence adduced below. *Samuel Wilder v. State of Maryland,* No. 1175, September Term, 1983 (Md.App., 1 May 1984). In remanding the case to permit the court to address these issues, we said:

> We agree with the trial court that a defendant cannot be allowed to dictate the terms of his probation; however, in this case we hold that there are unresolved issues which should be addressed by the trial court *before a finding of revocation.*

Slip. op. at 7 (emphasis added).

On 14 June 1984, Wilder was convicted of assault and battery. At his request, the court suspended the eighteen-month sentence it had originally imposed for that offense. In a warrant issued on 14 July, the State alleged that, by virtue of that 14 June conviction, appellant had again violated the terms of the probation imposed in 1982.

The conviction for violation of probation at issue in this appeal resulted from a 10 September 1984 hearing on the 14 July warrant. At that time, defense counsel informed the court that there were two matters outstanding, (1) the further proceedings to be held in accord with our remand of the first violation of probation, and (2) the allegation that Wilder had committed a second violation of that same probation based on his 1984 assault and battery conviction.

Following a defense motion to dismiss the second probation violation charge, the following colloquy took place:

MR. RAGLAND [defense counsel]: That's correct, Your Honor; and we feel that Mr. Wilder cannot be violated on that because he was not on probation since he was revoked in September.

THE COURT: Do I understand correctly, then, from what Mr. Ragland says, Mr. Flannery, that the [S]tate is proceeding today not on the violation that was found one year ago that was then remanded to this Court for further proceeding but the State is proceeding on a new violation of probation charge as a result of an alleged new offense committed by the Defendant in violation of Rule 4 since our last hearing? Is this correct, Mr. Flannery?

MR. FLANNERY [the prosecutor]: Yes, Your Honor, because this will make moot the questions the Court of Special Appeals wished to address.

THE COURT: All right. Well, I'm going to overrule the objection of defense counsel and allow the State to proceed in the manner in which it wishes. It is my feeling that once an appeal was filed in this case, as it was done immediately, meaning a year ago, and the Court of Special Appeals remanded this case to this Court for further proceedings, that the probationary status of Mr. Wilder remained extant and it did not terminate and that he was still in the posture of being on probation, although perhaps in a state of limbo because of the appeal. My action was not that of finally terminating and ending all probation. So, I will allow the State to proceed.

Brenda Boone, appellant's probation officer, told the court that she had been unaware that Wilder had been released on bond until the State's Attorney's office notified her on 3 April 1984. She also testified that she had no contact with Wilder following the 14 September 1983 hearing; he had never advised her of his status. Based on its finding that Wilder had been on probation at the time he committed the assault and battery, the trial court found him to be in violation of the existing order for probation. It

revoked the probation and reimposed the original five-year sentence.

## I.

Wilder contends that he was not required to abide by the conditions of his probation, *i.e.,* that he obey all laws during the pendency of his appeal from his first probation violation. He maintains that the court, when it revoked his probation on 14 September, terminated his probationary status. Absent any order from this Court staying the circuit court's order revoking probation, appellant contends that he was relieved of any obligation to abide by the conditions of that probation.

■ Appellant's position is untenable. Moreover, his obligation to obey all laws was not a mere condition of his probation, but a basic tenet imposed on all members of society, probationers included. Wilder points to Boone's testimony that generally, when an individual's probation is revoked and he then appeals that revocation, he is not told he must continue to report and follow the conditions of his probation. Therefore, Wilder submits, he was not aware of any obligation to follow the conditions of his probation. His conclusion is patently absurd. "We do not ask any man's permission when we require him to obey [the law], obedience to the law is demanded as a right; not asked as a favor."[1]

■ Overlooking Wilder's fundamental obligation to "obey all laws," the key question is whether he was on probation at the time he committed the assault and battery. The State may not prosecute any person for violation of probation unless the violation charged actually happened during the probationary period. *State v. Miller,* 289 Md. 443, 424 A.2d 1109 (1981). We must therefore determine the status of the order appealed from when this Court

---

1. Theodore Roosevelt, 3d annual message, 12/7/03.

remands a case without reversing or affirming the decree pursuant to Rule 1071a.

Maryland Rule 1071a provides:

a. *For Further Proceedings.*

If it shall appear to this Court that the substantial merits of a case will not be determined by affirming, reversing or modifying the judgment from which the appeal was taken, or that the purposes of justice will be advanced by permitting further proceedings in the cause, either through amendment of the pleadings, introduction of additional evidence, or otherwise, then this Court, instead of entering a final order affirming, reversing or modifying the judgment from which the appeal was taken, may order the case to be remanded to the lower court. Upon remand to the lower court, such further proceedings shall be had by amendment of the pleadings, introduction of additional evidence, making of additional parties, or otherwise, as may be necessary for determining the action upon its merits *as if no appeal had been taken and the judgment from which the appeal was taken had not been entered;* provided, however, that the order entered by this Court in remanding said case, and the opinion of this Court on which said order is passed, shall be conclusive as to the points finally decided thereby. In such an order remanding a case, this Court will express the purpose for so remanding and in its opinion filed with said order will determine all questions which may have been properly presented.

(Emphasis added.)

The significant language is that the court shall proceed "as if no appeal had been taken and the judgment from which the appeal was taken had not been entered...." Appellant's probationary period began on 6 May 1982; on 30 April 1984, the date he committed the assault, he was well within the five-year probationary period.

■ Appellant states that "[n]o Maryland rule [,] statute, or case provides that the mere filing of an appeal stays the

revocation of probation." While the mere filing of an appeal may not stay the revocation of probation, appellant's release on appeal bond had the legal effect of suspending or staying execution of the dispositional phase of the 14 September 1983 order, *i.e.,* the revocation of probation and order of reincarceration. Maryland Rule 4–347(a) (formerly Rule 778(a)), states:

Rule 4–347. Stay of Execution of Sentence.

(a) Sentence of Death or Imprisonment.—The filing of an appeal or a petition for writ of certiorari in any appellate court, including the Supreme Court of the United States, stays a sentence of death *or, if the court releases the defendant pursuant to Rule 4–348, a sentence of imprisonment.*

(Emphasis added.) Maryland Rule 4–348(a) (formerly Rule 776(c)) states as follows:

Rule 4–348. Release after Conviction.

(a) General authority.—After conviction the trial judge may release the defendant pending sentence or exhaustion of any appellate review subject to such conditions for further appearance as may be appropriate.

## II.

Wilder here maintains that the trial court's action in proceeding on the second violation was in direct defiance of this Court's *per curiam* order for a remand and rehearing. He submits that the State was bound to proceed with the initial violation rather than electing to prosecute the subsequent charge. We disagree.

■ Intervening circumstances may render a remand pointless. *See Norton v. Matthews,* 427 U.S. 524, 96 S.Ct. 2771, 49 L.Ed.2d 672 (1976). In the case *sub judice,* had the second violation not occurred following appellant's appeal the State would have been required to proceed on the initial violation in accordance with our opinion. Appellant, however, relieved the State of this obligation by furnishing the grounds for the second violation. Appellant's original sen-

tence of five years could only be reinstated one time. Because we have concluded that the subsequent revocation and reinstatement were proper, we need not engage in an exercise of legal gymnastics by requiring the State to proceed on the original hearing.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.