634

569 A.2d 210

**Carl Franklin CATLIN, III**

v.

**STATE of Maryland.**

**No. 711, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Feb. 7, 1990.

Arthur A. DeLano, Jr., Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Audrey A. Creighton, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Andrew L. Sonner, State's Atty., for Montgomery County, Rockville, on the brief), for appellee.

Submitted before WILNER, ROSALYN B. BELL and WENNER, JJ.

WENNER, Judge.

Appellant, Carl Franklin Catlin, III, contends upon appeal that the Circuit Court for Montgomery County should not have revoked his probation and directed the execution of a five year sentence of imprisonment. Specifically, he mounts a three-pronged attack on the judgment of the circuit court:

 I. The conduct alleged to have violated his probation did not occur within the five year statutorily prescribed maximum period of probation.

 II. The imposition and subsequent suspension of a twenty year sentence of imprisonment at a prior revocation of probation proceeding was illegal.

III. The circuit court failed to exercise its discretion when it reimposed the term of imprisonment prescribed in the original sentence.

We shall affirm the judgment of the circuit court.

## Procedural History

On November 18, 1982, appellant pled guilty to and was convicted of distribution of cocaine (count 2) and of conspiracy to distribute cocaine (count 3). For the conviction of distribution of cocaine, he was sentenced by Judge David L. Cahoon to three years imprisonment, two years of which were suspended in favor of three years of probation. For the conviction of conspiracy to distribute cocaine, the docket entries reflect that the imposition of sentence was suspended "subject to successful completion of probation imposed in count 2." The probationary term commenced upon appellant's release from imprisonment on September 9, 1983.

On April 25, 1985, upon finding that appellant had violated his probation, Judge Cahoon directed the execution of the remaining two years of imprisonment for the conviction of distribution of cocaine. Judge Cahoon then imposed a sentence of twenty years imprisonment for the conviction of

conspiracy to distribute cocaine. That sentence was suspended on condition that appellant serve two years of probation upon his release from imprisonment.

On March 18, 1988, Judge Richard B. Latham determined that appellant had again violated conditions of his probation. As a result, probation was revoked, and appellant was sentenced to five years of imprisonment. Subsequently, appellant filed a motion to reconsider the sentence. He urged the court to suspend the balance of his sentence upon the condition that he participate in and complete the residential treatment program at Second Genesis. On September 14, 1988, the motion was granted, and appellant was placed on three years probation.

Appellant absconded from Second Genesis within one week. Ultimately, after a hearing, Judge William M. Cave revoked appellant's probation and directed the execution of the five year term of imprisonment. This appeal followed.

## I.

■ The legislature has prescribed that the probationary period which an offender may be compelled to undergo cannot exceed a total of five years.[1] Ann.Code of Md. (1987 Repl.Vol., 1989 Cum.Supp.) Art. 27, §§ 641A and 642.[2] This

---

**1.** A probationary period may exceed five years only for purposes of making restitution.

**2.** We set out those sections in their entirety:
**641A. Suspension of sentence and probation by court having jurisdiction; period of probation; probation when offense punishable by fine and imprisonment; limiting probation; revoking or modifying condition of probation; commencement of probation on release as condition of probation.**
(a) **Suspension of sentence; probation.**—(1) Upon entering a judgment of conviction, the court having jurisdiction may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the court deems proper.
(2) In Charles County, St. Mary's County, and Calvert County, the court may impose as a condition of probation a sentence of confinement.
(3) The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the

limit applies to the initial probationary period, as well as to the total of any successive terms imposed upon revocation of probation. *Id.; Christian v. State,* 62 Md.App. 296, 306, 489 A.2d 64 (1985).

 The violation charged, of course, must have actually occurred during the probationary period. *Wilder v. State,* 63 Md.App. 106, 111, 492 A.2d 324, *cert. denied,* 304 Md. 97, 497 A.2d 819 (1985). Bearing that in mind, appellant as-

---

remainder of the sentence and grant probation for a period longer than the sentence but not in excess of 5 years.

(4) However, if the defendant consents in writing, the court may grant probation in excess of 5 years, but only for purposes of making restitution.

(b) **Probation when offense punishable by fine and imprisonment; limitation, revocation or modification.**—Probation may be granted whether the offense is punishable by fine or imprisonment or both. If the offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to the imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment. The court may revoke or modify any condition of probation or may reduce the period of probation.

(c) **Commencement of probation on date of release as condition.** —If a sentence of imprisonment is imposed, a portion of it is suspended, and the defendant is placed on probation, the court may impose as a condition of probation that the probation commence on the date the defendant is actually released from imprisonment.

**§ 642. Where judge suspends sentence or fails to sentence, sentence may later be imposed by another judge.**

Whenever any person is convicted of any offense in any of the courts of record of this State, having criminal jurisdiction, and the judge presiding does not impose sentence or suspends sentence generally or for a definite time places the offender upon probation, or makes another order and imposes other terms as she or he may deem proper, and that person at any time thereafter is brought before the court to be sentenced upon the original charge of his conviction, or for a violation of the terms and conditions of the order of probation in the case, the judge who then is presiding in that particular court, if he determines that the offender violated the terms and conditions of probation, may proceed to sentence the person to serve the period of imprisonment prescribed in the original sentence or any portion thereof, or if no sentence was imposed, any sentence provided for by law for the crime for which that person was originally convicted. The sentence may be suspended in whole or in part and the offender may be placed on further probation on the terms and conditions the judge deems proper but no term of probation may exceed the maximum prescribed by § 641A of this article.

serts that the maximum five year period of probation had expired before he absconded from Second Genesis. If that is true, it follows that the ground for the April, 1989 revocation is eliminated. *Christian, supra,* 62 Md.App. at 300, 489 A.2d 64. On the other hand, the State asserts that the probationary period does not include the time during which appellant was incarcerated. If the State is correct, the violation would have occurred well within the five year maximum period of probation. For the reasons we shall now explain, we adopt the State's position.

In *Christian, supra,* we had occasion to construe the five year statutory limitation on the period of probation. Christian's original three year sentence of imprisonment was suspended in favor of three years of probation. Christian was subsequently charged with a violation of probation. He again received a suspended sentence upon condition that he complete an additional three years of probation. A second charge of violation of probation was filed within the extended period of probation. As a result, Christian's probation was extended for an additional year. Yet a third charge of violation of probation was filed within the extended period of probation, but beyond the maximum five year period. After a hearing, execution of the original sentence of imprisonment was ordered. Upon appeal, Christian contended that length of his probation was illegal because it had been extended to nearly seven years. We agreed. We reversed Christian's conviction for having violated probation and the sentence imposed because the "violations that caused Christian's eventual imprisonment all occurred in 1984, after Christian's probation had terminated by operation of law." *Id.* at 310, 489 A.2d 64.

Based upon our holding in *Christian,* appellant now argues that his probation had expired before the violation occurred which eventually caused his imprisonment. While our decision in *Christian* is instructive, it is not dispositive of appellant's contention. Christian's terms of probation, unlike those of appellant, were not interrupted by any periods of incarceration. Indeed, in *Christian,* we express-

ly did not "consider what effect an offender's conduct may have on tolling the probationary period." *Id.*, 62 Md.App. at 306, n. 5, 489 A.2d 64. We said "[t]olling, if recognized, may produce a chronological period of probation in excess of the statutory maximum." *Id. See also Boone v. State,* 55 Md.App. 663, 668–669, 465 A.2d 1195 (1983), *cert. denied,* 298 Md. 394, 298 A.2d 394 (1984) (whether probationer's evasion of supervision tolled the probationary term not decided). We now hold, based upon the circumstances before us in the case *sub judice,* that the periods of time during which appellant was imprisoned for having violated his probation tolled the probationary term to the extent of the duration of the imprisonment.

█ We hasten to point out that our holding does not mean that imprisonment will always automatically toll the probationary term. In order to preserve the court's jurisdiction, for the probationary term to be tolled ordinarily there must be a formal extension of the term of probation as a result of revocation proceedings. *See White v. United States,* 564 A.2d 379 (D.C.App.1989).

Our holding today is in accord with the disposition of similar questions in other jurisdictions. In construing former § 3651 of 18 U.S.C.,[3] a statute containing a five year limitation upon the period of probation similar to that of Maryland, federal courts have recognized circumstances under which a probationary period may be extended beyond the maximum term prescribed by the statute. We think that the rule in the federal courts was best articulated by the Fourth Circuit in *United States v. Workman,* 617 F.2d 48 (4th Cir.1980):

---

**3.** § 3651 provided, in pertinent part, "[t]he period of probation, together with any extension thereof, shall not exceed five years." That section was repealed by the Sentencing Reform Act of 1984. It is now contained in 18 U.S.C. §§ 3551 et seq. The new statute expressly provides that the term of probation does not run during any period in which the probationer is imprisoned for a period of at least thirty days. § 3564.

The calculation of the five-year limitation period has been the subject of considerable litigation. The unifying principle implicit in the resulting decisions is that a probationer can not obtain credit against the five-year period for any period of time during which he was not, in fact, under probationary supervision by virtue of his own wrongful act. The focus has been on whether the probationer's wrongful act resulted in the termination of probationary supervision, rather than on a simple, mathematical computation of five years from the date the probationary term began. Consequently, in computing the five year period courts have excluded the time period during which a probationer is imprisoned on an unrelated offense, e.g., *United States v. Gerson*, 302 F.2d 430 (6th Cir.1962) (intervening state confinement); *United States v. Gelb*, 175 F.Supp. 267 (S.D.N.Y.), *aff'd*, 269 F.2d 675 (2nd Cir.), *cert. denied*, 361 U.S. 822, 80 S.Ct. 66, 4 L.Ed.2d 66 (1959) (intervening federal confinement); is in jail for another offense and for a violation of probation, e.g., *United States v. Lancer*, 508 F.2d 719 (3rd Cir.1975); or is outside the jurisdiction of the court voluntarily and not under the supervision of a probation officer. *United States v. Green*, 429 F.Supp. 1036 (W.D.Tex.1977).

*Id.* at 51.[4] This appears to us to be the rule in a majority of the federal circuits,[5] as well as in a majority of the State

---

**4.** The 4th Circuit went on to hold that Workman could not be held responsible for the eleven month period pending appeal from revocation of his probation. Consequently, that period did not toll the five year maximum period of probation.

**5.** *See United States v. Nicholas*, 527 F.2d 1160 (9th Cir.1976) (five year statutory limit is tolled during and for the time that the probationer is imprisoned for another offense); *United States v. Martin*, 786 F.2d 974 (10th Cir.1986) (federal probationary period tolled until the time of probationer's release from State prison and return to probationary supervision); *United States v. Rodriquez*, 682 F.2d 827 (9th Cir.1982) (407 days probationer was imprisoned for prior violations of offense at issue tolled probationary period to that extent); *Ashworth v. United States*, 391 F.2d 245 (6th Cir.1968) (federal probationary period tolled during period of probationer's incarceration in State penitentiary); *United States v. Farrell*, 87 F.2d 957 (8th Cir.1937), *cert denied*, 302

courts which have considered the issue.[6]

Moreover, we believe that our holding is consonant with the nature and purpose of probation. Probation is a matter of grace or clemency, *Bryant v. State*, 71 Md.App. 143, 145, 524 A.2d 106, *cert. denied*, 310 Md. 276, 528 A.2d 1287 (1987), the chief purpose of which is to facilitate the reformation and rehabilitation of the probationer. *Christian, supra,* 62 Md.App. at 304–305, 489 A.2d 64. The policy behind Maryland's probation statutes is that rehabilitation, if it is to be achieved at all, will be achieved within a five year period. *Id.* It can hardly be said, then, that the underlying principles of probation would be served during the time when a probationer is incarcerated and beyond the reach of probationary supervision. Furthermore, the legislature did not intend that a term of imprisonment and a term of probation be simultaneously served. *See Matthews v. State,* 304 Md. 281, 285, 498 A.2d 655 (1985).

In the case *sub judice,* it is undisputed that appellant's probation began on September 9, 1983. It is also undisputed that the conduct which caused the revocation that spawned this appeal, i.e., the appellant having absconded from Second Genesis, occurred on November 4, 1988. As

U.S. 683, 58 S.Ct. 31, 82 L.Ed. 527, *reh'g denied,* 302 U.S. 775, 58 S.Ct. 135, 82 L.Ed. 600 (1937) (five year period of probation tolled while appellant was in custody in other jurisdiction).

**6.** *See O'Shea v. State,* 683 P.2d 286 (Alaska App.1984) (imprisonment for unrelated offenses tolled probationary period); *People v. Peretsky,* 44 Colo.App. 270, 616 P.2d 170 (1980) (two year limitation for revocation of deferred sentence tolled during period of imprisonment); *Ware v. State,* 474 So.2d 332 (Fla.App. D1, 1985) *review denied,* 484 So.2d 10 (1986) (probationary period tolled where probationer absconded from supervision); *People v. Valle,* 7 Misc.2d 125, 164 N.Y. S.2d 67 (1957) (period of probation extended if probationer incarcerated for unrelated offense); *State v. Simpson,* 2 Ohio App.3d 40, 440 N.E.2d 617 (1981) (absconding status of probationer tolls period of probation); *Gillespie v. State,* 17 Wash.App. 363, 563 P.2d 1272, *review denied,* 89 Wash.2d 1008 (1977) (probationary period tolled by probationer absconding from supervision).

we calculate it, that amounts to five years, one month and twenty six days. Nevertheless, as we have mentioned, during that period, appellant served two terms of imprisonment for having violated his probation. Each of those periods of imprisonment tolled the term of appellant's probation. Consequently, the violation that eventually caused appellant's imprisonment occurred well within the maximum five year period of probation. There was no error.

## II.

■ Penultimately, appellant contends that the imposition at the first revocation proceeding of a twenty year term of imprisonment for the conviction of conspiracy to distribute cocaine was illegal. This is so, he argues, because the sentence for the conviction of conspiracy to distribute cocaine was imposed because he had violated conditions of the probation imposed for the conviction of distribution of cocaine. The question we must now decide is whether the original probation order included both convic-- tions. We believe that it did. Accordingly, we hold that it was proper for the circuit court to sentence appellant, upon the revocation of his probation, for the conviction of conspiracy to distribute cocaine.

Section 641A(a)(1) permits a court, upon entering a judgment of conviction, to "suspend *the imposition* or execution of a sentence and place the defendant on probation upon such terms and conditions as the court deems proper." (Emphasis supplied.) Where the imposition of sentence is suspended, a court may, upon revocation of probation, sentence the offender to "any sentence provided for by law for the crime for which that person was originally convicted." § 642.

As we have previously said, the docket entries reflect that the imposition of sentence for the conviction of conspiracy

to distribute cocaine was suspended "subject to successful completion of probation imposed in count 2." [7] The Order for Probation expressly provides that the imposition of sentence for the conviction of conspiracy to distribute cocaine was suspended on condition that appellant successfully complete the term of probation imposed "for count 2." While we think the better practice would have been for the circuit court to have imposed concurrent terms of probation, we believe that the clear import of the Order for Probation was to condition the suspension of sentences for both convictions upon the grant of probation for the conviction of the distribution of cocaine. We believe that this conclusion is consistent with language in § 641A(b) directing that "[p]robation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment."

Appellant's reliance on *Williams v. State*, 72 Md.App. 233, 528 A.2d 507 (1987), is misplaced. Williams was convicted of trespass. A $500 fine, the maximum sentence permitted by law, was imposed. Four hundred dollars ($400.00) of the fine was suspended in favor of one year of probation. Williams later violated a condition of her probation. Rather than asking the court to revoke her probation, the State instituted contempt proceedings against Williams. The circuit court convicted Williams of contempt and sentenced her to six months imprisonment. We reversed the judgment of the circuit court because not only had the court imposed upon Williams punishment beyond that which was originally imposed, it had imposed a sentence in excess of the maximum permitted by law. *Id.* at 238–239, 528 A.2d 507. Quite simply, in the case *sub judice*, the imposition of the twenty year sentence for the conviction for conspiracy to distribute cocaine upon a finding that appellant had violated his probation neither enhanced appellant's punish-

---

7. We have not been provided with a transcript of the original sentencing hearing.

ment nor was it in excess of the maximum permitted by law as was the sentence proscribed by *Williams.*

### III.

■ Appellant's final contention need not detain us long. At the conclusion of the revocation hearing which precipitated this appeal, Judge Cave remarked:

> And for whatever it may be, [Defense Counsel], I frankly don't know, as you say. I don't know what disposition I would make—what I would have made if he was before me, if he was my case, what I would have done all along. I can't speak for Judge Cahoon. I can't speak for Judge Latham except for the fact that Judge Latham has spoken, and, accordingly, I will reimpose a sentence of five years to the department of corrections.

Appellant urges us to conclude from those comments that Judge Cave failed to exercise his discretion when he reimposed the original sentence of five years imprisonment. To do so, we would have to view Judge Cave's comments in a vacuum, and that we decline to do. Instead, from a review of the entire record, we conclude that Judge Cave properly exercised his discretion in sentencing appellant.

There is no indication whatever in the record that Judge Cave felt himself bound to impose the maximum suspended sentence. Judge Cave heard argument from the State as well as from counsel for the appellant before he imposed the suspended five year sentence. Moreover, appellant himself spoke in allocution. As we see it, Judge Cave correctly recognized that, in presiding over a revocation proceeding, he was confined to imposing a sentence no *greater* than that which was originally imposed and suspended. *Donaldson v. State,* 305 Md. 522, 528, 505 A.2d 527 (1986) (*citing Brown v. State,* 62 Md.App. 74, 77, 488 A.2d 502, *cert. denied,* 303 Md. 42, 491 A.2d 1197 (1985)). Section 642, *supra,* directs that the offender may be sentenced to serve "the period of imprisonment prescribed in the original sentence or any portion thereof...." There

was no abuse of discretion.[8]

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

---

**8.** While there may be merit to the State's argument that this issue has not been preserved for review, we nevertheless exercise our discretion to decide the matter.