WINDOM, Presiding Judge.
Jeffery Johnson appeals from the circuit court’s dismissal of his petition for post-conviction relief filed pursuant to Rule 32, Ala. R.Crim. P., in which he attacked the April 2010 revocation of his probation.
Johnson was initially indicted for first-degree theft of property but pleaded guilty to third-degree robbery and, on September 27, 1996, was sentenced as a habitual felony offender to 18 years in prison. In Johnson’s first Rule 32 petition, Johnson argued that the circuit court was without jurisdiction to accept his guilty plea because third-degree robbery was not a lesser-included offense of first-degree theft of property. On February 2, 2004, the circuit court granted Johnson’s petition and vacated his conviction and sentence, and, on that same date, Johnson pleaded guilty to first-degree theft of property. Johnson was sentenced to 20 years in prison; the sentence was split, and Johnson was ordered to serve 5 years in prison followed by 5 years of probation. This sentence was to run concurrently with a sentence Johnson was serving on a conviction in Walker County.
On February 9, 2009, Probation Officer Terry Love notified the circuit court that Johnson was still incarcerated in Walker County and therefore unable- to begin his period of probation. The circuit court entered an order on February 24, 2009, placing Johnson’s probation on inactive status.
*1230 On June 15, 2009, Johnson was placed on parole for his conviction in Walker County. On June 30, 2009, at the request of Officer Love, Johnson’s probation was placed on active status. On September 5, 2009, Johnson was arrested for driving under the influence, which resulted in the issuance of a probation-violation writ on December 7, 2009. On April 19, 2010, Johnson appeared with counsel before the circuit court and pleaded guilty to the charge of probation violation. At Johnson’s request, the circuit court revoked his probation and ordered him to serve the remainder of his sentence concurrently with his reinstated sentence in Walker County. Johnson did not file an appeal from his probation revocation.
On July 26, 2011, Johnson filed this, his second, Rule 32 petition, arguing that the circuit court was without jurisdiction to revoke his probation. Johnson argued that on the date he was granted relief on his initial Rule 32 petition and resen-tenced, February 2, 2004, his time served had already satisfied the five-year portion of his split sentence to be served in prison. Johnson argued that he began serving the five-year portion of his split sentence to be served on probation on February 2, 2004, while he was incarcerated in Walker County. Thus, according to Johnson, he had completed his five-year probation before the circuit court’s order of February 24, 2009, that placed his probation on inactive status, and before his arrest on September 5, 2009, for driving under the influence.
On September 16, 2011, the State filed a response wherein it argued that no material issue of law or fact entitled Johnson to relief. On February 3, 2012, the circuit court issued an order dismissing Johnson’s petition, stating that it was not the circuit court’s intent that Johnson “satisfy any part of his probation while incarcerated on another sentence.” (C. 7.)
On appeal, Johnson reasserts the claim raised in his petition and argues that the circuit court erred in dismissing his petition. Johnson’s argument that he began serving his probation while incarcerated in Walker County — which is the underpinning of his second Rule 32 petition — is without merit.
Section 15-22-50, Ala.Code 1975, confers authority upon circuit and district courts to suspend a convicted person’s sentence and to place that person on probation. The purpose of § 15-22-50, Ala. Code 1975, is to “ ‘ameliorate the harshness of the law’s judgment and give the convict a chance to show that he or she is a fit subject and may be rehabilitated and become an acceptable citizen.’” Wray v. State, 472 So.2d 1119, 1121 (Ala.1985) (quoting State v. Esdale, 253 Ala. 550, 45 So.2d 865 (1950)). Allowing Johnson to serve probation while incarcerated would undermine the purpose of § 15-22-50, Ala. Code 1975. Florida has long recognized such a policy:
“It is well settled that a defendant cannot serve a prison term and be on probation simultaneously. Porter v. State, 585 So.2d 399, 400 (Fla. 1st DCA 1991). To hold otherwise would be inconsistent with the rehabilitative concept of probation which presupposes that the probationer is not in prison confinement. Id. Any term of probation presumed to run when the defendant cannot be supervised would be a nullity. Id. As this court explained in State v. Savage, 589 So.2d 1016, 1018 (Fla. 5th DCA 1991):
“ ‘Simple logic would seem to dictate that, where a defendant is incarcerated ..., a probationary period from an unrelated sentence would be tolled since a probationary term should not be allowed to expire simply because a defendant has decided to incur new *1231 prison time as a result of a separate and distinct offense.’
“Applying this concept, the court in Bradley v. State, 721 So.2d 775 (Fla. 5th DCA 1998), held that defendant’s supervision was tolled during the period of his incarceration, and, therefore, he was still under state supervision when he violated the terms of his community control. Accord Williams v. State, 773 So.2d 660 (Fla. 5th DCA 2000).”
Jones v. State, 964 So.2d 167, 170-71 (Fla.Dist.Ct.App.2007); see also Jibben v. State, 901 P.2d 1099, 1101-02 (Wyo.1995) (the probationary term is tolled during incarceration); Catlin v. State, 81 Md.App. 634, 641-42, 569 A.2d 210, 214 (1990) (“[I]n computing the [probationary] period courts have excluded the time period during which a probationer is imprisoned on an unrelated offense, ... is in jail for another offense and for a violation of probation, ... or is outside the jurisdiction of the court voluntarily and not under the supervision of a probation officer.”). The Supreme Court of the United States has likewise recognized that allowing a person to serve probation and a prison sentence concurrently would undermine the legislative intent behind supervised release:
“While the text of [18 U.S.C.] § 3624(e) resolves the case, we observe that our conclusion accords with the statute’s purpose and design. The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration. See [18 U.S.C.] § 3553(a)(2)(D); United States Sentencing Commission, Guidelines Manual § 5D1.3(e), (d), (e) (Nov.1998); see also S.Rep. No. 98-225, p. 124 (1983) (declaring that ‘the primary goal [of supervised release] is to ease the defendant’s transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release’).”
United States v. Johnson, 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000).
Here, Johnson’s probation was tolled while he served his sentence in Walker County, and his term of probation did not begin until he was released from incarceration on June 15, 2009. Accordingly, Johnson was still serving his five-year term of probation on December 7, 2009, when the circuit court issued a probation-violation writ.
Because Johnson was still serving his term of probation at the time the circuit court issued a probation-violation writ, the circuit court had jurisdiction to revoke Johnson’s probation. § 15-22-54, Ala.Code 1975. Thus, the circuit court did not abuse its discretion in dismissing Johnson’s petition. See Rule 32.7(d), Ala. R.Crim. P. (authorizing circuit courts to summarily dismiss a petition where no material issue of fact or law exists that would entitle the petitioner to relief).
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.