**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Steve Young, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2017-002412

---

**ON WRIT OF CERTIORARI**

---

Appeal From Newberry County
R. Scott Sprouse, Circuit Court Judge

---

Opinion No. 2021-UP-401
Submitted September 22, 2021 – Filed November 10, 2021

---

**AFFIRMED**

---

Appellate Defender Susan Barber Hackett, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Michael Jacob Neubauer, both of Columbia, for Respondent.

---

**PER CURIAM:** Steve Young pled guilty in 2011 to first-degree assault and battery and was sentenced to ten years' imprisonment suspended to time served and four years' probation. The plea judge ordered probation would terminate after two years if Young paid restitution.

In 2012—not long after his probation began—Young pled guilty to reckless homicide and leaving the scene of an accident. He was sentenced to ten years' imprisonment. Though this plea occurred while Young was on probation, the offences occurred before Young was placed on probation.

After Young's 2012 plea, the South Carolina Department of Probation, Parole and Pardon Services (Probation) issued a citation so the circuit court could review Young's probation sentence from 2011. The citation did not allege Young violated the terms of his probation; rather, it specifically stated "[n]o violations charged." Probation sought an order tolling Young's probation during his incarceration due to the 2012 plea.

At the hearing, Young's counsel argued there could be no tolling unless Young had violated his probation, citing language in *State v. Miller*, 404 S.C. 29, 744 S.E.2d 532 (2013). This objection led the court to ask whether Young was current on his fees. When the probation agent disclosed Young was not current, the court found Young willfully violated his probation. The court tolled Young's probation and extended it an additional year.

Young's counsel did not ask to offer evidence about Young's probation fees or object after the circuit court found Young violated his probation. As noted above, counsel only objected that the citation did not allege any violations. Young appealed the circuit court's decision and this court affirmed. *See State v. Young*, Op. No. 2015-UP-345 (S.C. Ct. App. filed July 15, 2015).

Young filed an application for post-conviction relief (PCR), alleging his counsel provided ineffective assistance. Young claimed counsel was ineffective for not objecting to the circuit court's finding that Young willfully failed to pay his fees and for not requesting a hearing on Young's ability to pay the fees. At the PCR hearing, Young and his former counsel testified the circuit court likely would have terminated Young's probation and converted it to a civil judgment had a hearing been held on Young's ability to pay because the evidence would have shown Young worked about forty hours a week making minimum wage, was the sole source of income in his home consisting of his wife and four children, did not receive government assistance, and was paying the fees to the best of his ability.

The PCR court denied Young's application and gave two reasons for its denial. First, the PCR court found there was no basis for an objection and any request for a hearing on willfulness would have been futile. Second, it found tolling was appropriate regardless of the reason for Young's nonpayment because Young could not be on probation while he was incarcerated on other charges. Young filed a petition for writ of certiorari, which this court granted.

## ISSUE

Whether the PCR court erred in finding Young's counsel was not ineffective for failing to object to the circuit court's finding of a willful violation and by failing to present evidence that Young willfully violated the financial components of his probation.

## STANDARD OF REVIEW

"In post-conviction proceedings, the burden of proof is on the applicant to prove the allegations in his application." *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008). "We defer to a PCR court's findings of fact and will uphold them if there is any evidence in the record to support them." *Mangal v. State*, 421 S.C. 85, 91, 805 S.E.2d 568, 571 (2017). "Questions of law are reviewed de novo, and we will reverse the PCR court's decision when it is controlled by an error of law." *Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016).

A probationer's right to counsel arises as a matter of due process rather than under the Sixth Amendment, but "the same analysis for [violations of the Sixth Amendment right to counsel] . . . appl[ies] in PCR proceedings involving claims against probation counsel." *Turner v. State*, 384 S.C. 451, 454-55, 682 S.E.2d 792, 793-94 (2009). Under this analysis, the PCR applicant must prove "(1) counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) counsel's deficient performance prejudiced the applicant's case." *Speaks*, 377 S.C. at 399, 660 S.E.2d at 514.

## ANALYSIS

We decline to address the question of whether Young's counsel was deficient. Instead, we proceed directly to prejudice. *See Strickland v. Washington*, 466 U.S. 668, 700 (1984) ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.").

Prejudice is established by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Cherry v. State*, 300 S.C. 115, 117-18, 386 S.E.2d 624, 625 (1989) (quoting *Strickland*, 466 U.S. at 694). The PCR court found the circuit court would have tolled Young's probation even if it did not find Young willfully violated the terms of his probation because Young's incarceration for reckless homicide and leaving the scene of an accident prevented supervision by his probation agent. This finding is in accordance with the general rule "that the tolling of probation is appropriate where the authorities could not supervise the defendant due to the defendant's wrongful acts" because "a defendant should not be allowed to profit from his own misconduct which prevents supervision by probationary authorities." *Miller*, 404 S.C. at 37, 744 S.E.2d at 537.

Young argues the general rule does not apply because *Miller* held that tolling is improper absent a probation violation and a probation violation cannot be based on misconduct that occurred before probation began. *See id.* ("Miller's past misconduct . . . would not form the basis for finding a probation violation nor would it support tolling of probation because the conduct occurred before sentencing."); *id.* ("[T]he tolling of probation must be premised on a violation of a condition of probation or a statutory directive.").

The fact that the probationer in *Miller* was civilly confined (he was adjudicated to be a Sexually Violent Predator) is a meaningful difference from the situation here—in which Probation was rendered unable to supervise Young once he received a prison sentence on additional charges. We read *Miller* as requiring a violation unless Probation's inability to supervise a probationer is due to incarceration. *Compare State v. Hackett*, 363 S.C. 177, 182, 609 S.E.2d 553, 555-56 (Ct. App. 2005) (finding tolling proper when probationer violated his probation by absconding from supervision), *with Miller*, 404 S.C. at 37-38, 744 S.E.2d at 537-38 (finding tolling improper when probationer did not violate his probation but was unavailable for supervision because he was placed in civil commitment as a sexually violent predator).

Indeed, this court drew precisely this distinction when it reviewed Young's case on direct appeal. *See State v. Young*, Op. No. 2015-UP-345 (S.C. Ct. App. filed July 15, 2015). This court wrote that "[u]nlike the probationer in *Miller*, who was involuntarily committed to a sexually violent predator program, Young was imprisoned for voluntarily committing criminal offenses." *Id.* at *1. This court found Young should not profit from his own misconduct by having his term of probation run while he is not under probationary supervision and the circuit court's decision to toll Young's probation complied with *Miller*. *Id.*

Other states' decisions acknowledge, just as South Carolina courts acknowledge, that probation serves a rehabilitative rather than punitive purpose. *See Johnson v. State*, 161 So. 3d 1229, 1230 (Ala. Crim. App. 2012) ("The purpose of [probation] is to 'ameliorate the harshness of the law's judgment and give the convict a chance to show that he or she is a fit subject and may be rehabilitated and become an acceptable citizen.'" (quoting *Wray v. State*, 472 So. 2d 1119, 1121 (Ala. 1985))). Because civil commitment serves the same rehabilitative purpose, it seems logical for probation to run during civil commitment. *See Miller*, 404 S.C. at 38, 744 S.E.2d at 537 ("Notwithstanding its punitive attributes, . . . an SVP program is a civil, non-punitive treatment program."). Allowing probation to run during incarceration, on the other hand, would undermine this purpose. *See Johnson*, 161 So. 3d at 1230 ("It is well settled that a defendant cannot serve a prison term and be on probation simultaneously [because that] would be inconsistent with the rehabilitative concept of probation which presupposes that the probationer is not in prison confinement." (quoting *Porter v. State*, 585 So. 2d 399, 400 (Fla. Dist. Ct. App. 1991))); *id.* at 1230-31 ("Simple logic would seem to dictate that, where a defendant is incarcerated . . . , a probationary period from an unrelated sentence would be tolled since a probationary term should not be allowed to expire simply because a defendant has decided to incur new prison time as a result of a separate and distinct offense." (quoting *State v. Savage*, 589 So. 2d 1016, 1018 (Fla. Dist. Ct. App. 1991))). Based on the foregoing, we hold the PCR court properly found Young's counsel did not provide ineffective assistance.[1]

**AFFIRMED.**

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.