561 F.2d 485
 UNITED STATES of America
v.
Norman DANSKER, Appellant in No. 77-1751, Joseph Diaco,
Steven Haymes, Warner Norton, Donald Orenstein, Nathan L.
Serota, Andrew Valentine, Investors Funding Corporation of
New York, Valentine Electric Company.
Appeal of Steven HAYMES, in No. 77-1752.
Appeal of Donald ORENSTEIN, in No. 77-1753.
Appeal of Joseph DIACO, in No. 77-1761.
Appeal of Andrew VALENTINE and Valentine Electric Co. in No. 77-1762.
 Nos. 77-1751 77-1753 and 77-1761, 77-1762.
 United States Court of Appeals,
Third Circuit.
 Aug. 15, 1977.
 
 Gerald L. Shargel, Fischetti & Shargel, New York City, Richard A. Levin, Amster & Levin, Milburn, N. J., Frederic C. Ritger, Jr., South Orange, N. J., Edward Gasthalter, Hoffman, Pollok, Mass & Gasthalter, New York City, for appellants.
 John J. Barry, Chief, Appeals Div., Newark, N. J., for appellee.
 OPINION SUR DENIAL OF REHEARING EN BANC
 Before SEITZ, Chief Judge, and ALDISERT, ADAMS, GIBBONS, ROSENN, HUNTER, WEIS and GARTH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendants were convicted under a three count indictment charging conspiracy to violate the Travel Act, 18 U.S.C. § 1952, and substantive offenses under that statute. After argument and briefing, the district court in a detailed opinion denied motions for judgments of acquittal and for a new trial. On a prior appeal to this Court, defendants contended that the government had committed a Brady violation in failing to disclose the existence of a witness named James Silver and communications made by him to the prosecution.
 
 
 2
 We affirmed the convictions on one count, vacated another, and reversed the third, United States v. Dansker, 537 F.2d 40 (3d Cir. 1976). We concluded that it was inappropriate for us to resolve the Brady claim in the first instance, and suggested that the defendants' allegations should first be presented to the district court on an appropriate Rule 33, Fed.R.Crim.P., motion. Defendants' petition for certiorari was denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).
 
 
 3
 Returning to the district court, defendants filed motions for a new trial under Rule 33 alleging the Brady violation; for a reduction of sentences; and for disqualification of the trial judge. After argument, the motions were denied in an extensive opinion. Defendants' motions for bail pending appeal were also denied, the district court having concluded that any appeal would be frivolous and taken only for delay. The defendants were directed to begin serving their sentences.
 
 
 4
 An appeal was again taken to this Court, and a panel denied defendants' motions for bail pending disposition. Defendants have petitioned for a rehearing en banc on the bail request, and the government has delayed defendants' incarceration until the Court rules on that petition.[1]
 
 
 5
 The issue presented is which standards govern the granting of bail pending appeal. The government contends Fed.R.App.P. 23(d)[2] controls, and the defendants insist 18 U.S.C. § 3146 furnishes the appropriate guidelines.[3] Essentially the government's position is that the district court's order should stand absent "special reasons." On the other hand, the defendants assert that the government must prove the appeal is frivolous or taken for delay.
 
 
 6
 Fed.R.Crim.P. 33 provides that motions for a new trial must be made within seven days after verdict or such further time as the court may fix within that seven-day period. The same time limitations apply to statements of grounds for a new trial. United States v. Newman, 456 F.2d 668 (3d Cir. 1972). The Brady and disqualification claims presently asserted by the defendants were not submitted to the district court within the seven-day period, and, therefore are cognizable in a motion for a new trial only under the "newly discovered evidence" clause of Rule 33. The time limitation in that instance is two years after final judgment.
 
 
 7
 The defendants had another alternative filing a habeas corpus petition under 28 U.S.C. § 2255. See Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); United States ex rel. Wojtycha v. Hopkins, 517 F.2d 420 (3d Cir. 1975). If that course had been followed, Fed.R.App.P. 23 would have governed bail eligibility.
 
 
 8
 The difference between the two standards is understandable. Although bail on appeal is not a matter of right, a liberal approach serves to prevent incarcerating the small percentage of defendants whose convictions are reversed on direct appeal. But when the appeal is from the denial of a collateral attack, after review by a court of appeals on direct appeal and possibly a denial of certiorari by the Supreme Court, considerations of finality are much stronger. Allowing bail freely on appeals from collateral attacks would encourage such litigation regardless of its intrinsic merit.
 
 
 9
 A "newly discovered evidence" motion for a new trial under Fed.R.Crim.P. 33 is more akin to a 28 U.S.C. § 2255 petition than to a motion filed within seven days of verdict. See 2 C. Wright, Federal Practice and Procedure § 552. Therefore, we conclude that the standards under Fed.R.App.P. 23 should be used when appellate review on direct appeal has been completed and the proceedings under consideration are collateral in nature. Rule 23 is not inflexible and permits granting bail when "special reasons" exist. Consequently, there is provision for the unusual case.
 
 
 10
 Because the standards of Fed.R.App.P. 23 apply to this bail application, and because they involve the exercise of discretion, we conclude that in banc subject matter is not involved. The defendants' petition for rehearing in banc will be denied.
 
 ADAMS, Circuit Judge, dissenting:
 
 11
 I respectfully dissent from the denial of the petition for rehearing in this matter because I believe that under the special circumstances of this case important questions regarding the construction of the Bail Reform Act and Rule 23 are presented to this Court. Such questions, in my view, should be dealt with only after full argument and full consideration.
 
 
 12
 The defendants who are appealing here were tried and convicted for violation of the Travel Act. Thereafter, they filed an appeal to this Court, contending inter alia that the federal prosecutor had violated their constitutional rights when, despite persistent requests, he failed to disclose pertinent information regarding a critical witness. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
 
 
 13
 In ruling on that appeal, a panel of this Court rejected the defendants' other arguments but did not reach the Brady contention. As to the Brady issue, the panel indicated to these appellants that the appropriate procedure would be for them to return to the district court and file a new trial motion under Rule 33. The panel made it clear that if the appellants' allegations were true, they would be "relevant to the establishment of cause for a new trial." 537 F.2d at 65.
 
 
 14
 Pursuant to the panel's directive, the appellants filed a motion for a new trial. They also moved to disqualify the district judge on the ground that he had engaged in ex parte communications with the prosecution regarding the materials allegedly withheld, and therefore might be prejudiced on this issue.[1] The district judge denied the motion to disqualify. He also refused to conduct any hearing and, without the development of facts adverted to by the panel, denied the motion for a new trial. The district judge then revoked bail, although the appellants made it clear that they planned to take a prompt appeal to this Court on the Brady question.
 
 
 15
 After filing their appeal, the appellants immediately moved for bail pending appeal. Without oral argument or opinion, a panel of this Court denied the motion for bail. The appellants promptly filed the petition for rehearing.[2]
 
 
 16
 It is the policy of this nation, as enunciated in the Bail Reform Act, that absent reason to believe that one convicted of a crime will "flee or pose a danger to any other person or to the community" he is entitled to bail while appealing his conviction, unless the appeal is found to be a frivolous one. 18 U.S.C. §§ 3146, 3148.
 
 
 17
 There has been no determination that these defendants will flee or pose a danger to any other person or to the community; indeed, the facts would not appear to support any such determination. And this Court, in its previous opinion, specifically declined to rule that the Brady claims asserted by the appellants are frivolous. On the contrary, the panel set forth in some detail the path to be followed by the defendants in pressing these claims.
 
 
 18
 The course prescribed by this Court has been pursued by the appellants, and the Brady question still has not been definitively resolved. Yet the trial court has revoked bail, an action that will require these defendants to begin their incarceration immediately.
 
 
 19
 The principal ground for the majority's conclusion regarding the bail question appears to be that the appellants albeit at the suggestion of a previous panel pursued their Brady claims in a manner which might technically be subject to the provisions of 28 U.S.C. § 2255. In my judgment, the applicability of § 2255 is far from clear inasmuch as the defendants are currently free on bail and their Brady contention is still unresolved by this Court.
 
 
 20
 I recognize the concern expressed by the majority: that after a defendant has been convicted, his appeal from the conviction denied, and he has been incarcerated for a period of time, the mere fact of filing a petition for habeas relief under § 2255 should be used sparingly as a predicate for release on bail. But as the above facts suggest, the contours of this case are considerably different from the more usual circumstances which arouse the majority's apprehension. No case has been brought to our attention holding that, under a factual configuration similar to that presented here, bail should be denied without a showing that the appellant might flee or be a danger to other persons or to the community.
 
 
 21
 In any event, the petition for rehearing raises important questions regarding the interpretation of the Bail Reform Act, as well as Rule 23 questions which have constitutional overtones. For the Court to adjudicate the important issue involved not whether the petition for rehearing should be granted but what guidelines should apply under these circumstances and make that resolution the law of this Circuit without oral argument and full deliberation appears to be a somewhat questionable procedure. And it is one in which I cannot concur.
 
 
 22
 Rather, I would set this matter down for rehearing and full briefing so that the significant and novel questions can be definitively decided by the Court.
 
 
 23
 Judge GIBBONS joins in this dissent.
 
 
 
 [1]
 Extensive legal memoranda and affidavits were submitted to the members of the panel and the full court in connection with the defendants' motions and petitions
 
 
 [2]
 Fed.R.App.P. 23 "Custody of Prisoners in Habeas Corpus Proceedings" reads in part:
 "(d) Modification of Initial Order Respecting Custody. An initial order respecting the custody or enlargement of the prisoner and any recognizance or surety taken, shall govern review in the court of appeals and in the Supreme Court unless for special reasons shown to the court of appeals or to the Supreme Court, . . . the order shall be modified, or an independent order respecting custody, enlargement or surety shall be made."
 
 
 [3]
 18 U.S.C. § 3148 provides that a person who has been convicted and has filed an appeal shall be treated in accordance with section 3146 unless the judge believes that a risk of flight or danger to any other person or to the community exists, or if it appears that the appeal is frivolous or taken for delay in which event the defendant may be detained
 
 
 [1]
 Defendants' grounds are contained in paragraphs 1 to 4 of their motion for disqualification reproduced at pages 1042A-1043A of the appendix
 
 
 [2]
 The appellants are currently at large because the prosecution agreed not to press for incarceration until after a definitive decision by this Court