UNITED STATES of America,
Plaintiff-Appellee,

v.

Willoughby E. LACY, III,
Defendant-Appellant.

No. 80–7792.

United States Court of Appeals,
Fifth Circuit.
Unit B

April 20, 1981.

Taylor W. O'Hearn, Shreveport, La. (Court appointed), for defendant-appellant.

James C. Thomason, III, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before RONEY, FRANK M. JOHNSON, Jr., and HENDERSON, Circuit Judges.

PER CURIAM:

Defendant has filed with this Court a motion for release on bail pending appeal of an order revoking his probation. Because he has failed to show exceptional circumstances warranting his release, the motion is denied.

Defendant Willoughby Lacy was convicted in 1975 of willfully and knowingly failing to file federal income tax returns for the years 1969 to 1971. In addition to imprisonment and a fine, he was sentenced to two years probation, subject to the special condition that he file these tax returns. The conviction was affirmed by this Court.

After a hearing in August 1980, Lacy's probation was revoked by the district court for his continued refusal to file the returns. The court denied Lacy's motion for release on bail pending appeal of the revocation. It gave as its reasons (1) the standards for release set forth in Rule 9(b) and 18 U.S. C.A. § 3148 are inapplicable; and (2) Lacy's refusal to comply with the condition of his probation was deliberate and willful. Lacy has now filed a motion for release pending appeal with this Court.

■ The district court correctly held Rule 9(b) and 18 U.S.C.A. § 3148 inapplicable. These provisions set the standards for a release pending appeal from a *conviction* and do not encompass an appeal from an order revoking probation.[1] *See Baker v. Sard,* 420 F.2d 1342 (D.C.Cir.1969). *Cf. United States v. Dansker,* 561 F.2d 485 (3d Cir. 1977) (en banc) (inapplicable to appeal from denial of motion for new trial). The standard for release pending appeal from the latter is considerably stricter. Release will be granted only upon a showing of exceptional circumstances. *Baker v. Sard,* 420 F.2d at 1343. *See also Pritchett v. United States,* 67 F.2d 244, 245 (4th Cir. 1933) ("it is only in very exceptional cases that persons sentenced to imprisonment should be admitted to bail pending appeal from an order revoking probation"). Examples of such circumstances include the raising of substantial claims upon which the appellant has a high probability of success, a serious deterioration of health while incarcerated, and any unusual delay in the process of the appeal. *See Calley v. Callaway,* 496 F.2d 701, 702 & n.1 (5th Cir. 1974); *Glynn v. Donnelly,* 470 F.2d 95, 98 (1st Cir. 1972); *Baker v. Sard,* 420 F.2d at 1343–44.

■ Lacy's sole ground of appeal, as set forth in the motion, cannot be said to have a high probability of success. He claims the condition of his probation requiring him to file the tax returns was improper because it violated his Fifth Amendment right against self-incrimination. This is the same assertion made without success at appellant's original trial. This Court has consistently held that a blanket claim of a Fifth Amend-

ment privilege does not justify the failure to file tax returns, see, *e. g., United States v. Wade,* 585 F.2d 573 (5th Cir.), *cert. denied,* 440 U.S. 928, 99 S.Ct. 1264, 59 L.Ed.2d 484 (1979); *United States v. Johnson,* 577 F.2d 1304 (5th Cir. 1978), and that probation may be conditioned upon the filing of such returns, *see United States v. Merritt,* 639 F.2d 254 (5th Cir. 1981). It is therefore unlikely that Lacy will prevail on this appeal.

Since Lacy has not asserted any other exceptional circumstances warranting his release pending appeal, the motion for release is denied.

**MOTION FOR RELEASE PENDING APPEAL DENIED.**

---

1. Rule 9(b) provides in pertinent part:

(b) Release Pending Appeal From a Judgment of Conviction. Application for release after a judgment of conviction shall be made in the first instance in the district court. If the district court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken. Thereafter, if an appeal is pending, a motion for release, or for modification of the conditions of release, pending review may be made to the court of appeals or to a judge thereof....

Section 3148 provides in pertinent part:

A person (1) who is charged with an offense punishable by death, or (2) who has been convicted of an offense and is either awaiting sentence or has filed an appeal or a petition for a writ of certiorari, shall be treated in accordance with the provisions of section 3146 [relating to release in noncapital cases prior to trial] unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay, the person may be ordered detained....