**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Paul E. BELL, Jr., Defendant-Appellant.**

No. 86–1259.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 1987.

Decided April 7, 1987.

---

Margaret A. McKnight, Fresno, Cal., for defendant-appellant.

Roger M. Olsen, Michael L. Paup, Robert E. Lindsay, Alan Hechtkopf, Washington, D.C., for plaintiff-appellee.

Before WALLACE and NELSON, Circuit Judges.

## ORDER

Appellant Paul Bell was convicted for various tax law violations and mail fraud. The district court sentenced Bell to five years imprisonment and five years probation. Bell was released from custody in April of 1985. Approximately a year later, his probation officer filed a petition for probation action alleging that Bell had violated the conditions for his probation.

After a hearing, the district court revoked Bell's probation. On September 2, 1986, the court sentenced him to serve a total term of eight years. The district court denied Bell's motion for bail pending appeal, stating that "[t]he court is satisfied that there are no conditions that would cause the defendant to comply or to not continue with his protest movement in the tax arena." Bell now seeks bail pending appeal from this court.

Bell bases his motion for release pending appeal on Fed.R.App.P. 9(b) and the Bail Reform Act of 1984, 18 U.S.C. §§ 3141 et seq. The standards for release set forth in 18 U.S.C. § 3143(b) are not, however, applicable to probation revocation proceeding. Section 3141(b) provides that "a Federal appellate court, shall order that ... pending appeal *of conviction or sentence,* a person be released or detained pursuant to the provisions of this chapter (emphasis added)." This language does not encompass an appeal from an order revoking probation. Moreover, that same language appeared in the Bail Act of 1966, 18 U.S.C. §§ 3141 et seq. (repealed Oct. 12, 1984), which was uniformly interpreted to apply only to direct criminal appeals. *See United States v. Lacy,* 643 F.2d 284 (5th Cir.1981) (per curiam) (Bail Reform Act inapplicable to appeal from probation revocation); *United States v. Dansker,* 561 F.2d 485 (3d Cir.1977) (Bail Reform inapplicable to appeal from denial of motion for new trial); *Baker v. Sard,* 420 F.2d 1342 (D.C.Cir. 1969) (Bail Reform Act inapplicable to appeal from revocation of parole).

In order to evaluate a motion for bail pending the appeal from the revocation of probation, we adopt the standard set forth in *United States v. Lacy,* 643 F.2d at 285. Under this standard, release pending appeal from an order revoking probation is proper only upon a showing of exceptional circumstances. Examples of exceptional circumstances include: (1) raising substantial claims upon which the appellant has a high probability of success; (2) a serious deterioration of health while incarcerated; and (3) any unusual delay in the processing of the appeal. *Id.*

We find no exceptional circumstances warranting Bell's release. Therefore, Bell's motion for bail pending appeal is denied.