**Darryl BELCHER, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 87–542, 88–1389.**

District of Columbia Court of Appeals.

Submitted Dec. 12, 1989.

Decided March 30, 1990.

Judith L. Gorfkle was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., with whom Michael W. Farrell, Asst. U.S. Atty. at the time the brief was filed, Helen M. Bollwerk, Washington, D.C., and Michael L. Volkov, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, BELSON, Associate Judge, and PRYOR, Senior Judge.

PRYOR, Senior Judge:

In circumstances involving a dispute with his employer, appellant, after a trial by jury, was acquitted of assault, D.C.Code § 22–504 (1989 Repl.), and found guilty of threats to do bodily harm. D.C.Code § 22–507 (1989 Repl.). Appellant contends that the trial court improperly extended his period of probation.[1] We affirm.

---

1. On appeal from his conviction consolidated with this appeal, appellant contends that there was not sufficient evidence at trial to sustain his conviction. Viewing the evidence in the light most favorable to the government, *Curry v. United States,* 520 A.2d 255, 263 (D.C.1987), we conclude that a reasonable juror could find guilt beyond a reasonable doubt, *Grogan v. United States,* 435 A.2d 1069, 1071 (D.C.1981), and thus there was sufficient evidence to support the jury's finding that appellant was guilty of threatening another with bodily harm.

On May 14, 1987, the trial court sentenced appellant to a prison term of ninety days, forty-five days of which were suspended, and to one year of probation. Because appellant received five days "good time" credit, he completed his prison term after forty days, on June 22, 1987. At that time, however, he remained in custody on a previous, unrelated charge, and was not actually released until one month later, on July 22, 1987. Almost a year later, on July 11, 1988, upon receipt of a probation violation report, the trial judge ordered a show cause hearing to determine whether to revoke appellant's probation. The judge set the hearing date for August 22, 1988, and extended appellant's term of probation to September 21, 1988. The hearing was subsequently rescheduled several times, and was finally conducted on January 17, 1989.[2] In the interim, by an order dated October 4, 1988, the judge extended appellant's probation until January 13, 1989, *nunc pro tunc.* At the January 17 proceeding, the judge revoked appellant's probation.

■ Appellant contends that on July 11, 1988, when the trial court extended his probation, it had no jurisdiction to do so because his probation had previously expired. · He claims that his probation expired on June 22, 1988, one year after he completed his forty-five day sentence on June 22, 1987. Assuming without deciding that the question is not moot, we find no error.

Appellant's calculations are based on the erroneous assumption that his probation began to run when he completed service of his forty-five day sentence on June 22, 1987. We conclude, however, that appellant's probation was tolled during the time that he remained in custody, and therefore did not begin to run until one month later, on July 22, 1987. Thus, the trial court had jurisdiction over appellant when it initially extended his probation on July 11, 1988. This conclusion is consistent with case law in other jurisdictions, which holds that a person on probation cannot obtain credit against his term "for any period of time

during which he was not, in fact, under probationary supervision by virtue of his own wrongful act." *United States v. Workman,* 617 F.2d 48, 51 (4th Cir.1980); *see also, United States v. Martin,* 786 F.2d 974, 975–76 (10th Cir.1986); *United States v. Lancer,* 508 F.2d 719, 733 n. 42 (3rd Cir.), *cert. denied,* 421 U.S. 989, 95 S.Ct. 1992, 44 L.Ed.2d 478 (1975); *Ashworth v. United States,* 391 F.2d 245, 246 (6th Cir.1968).

■ Appellant argues that our holding is inconsistent with his sentencing order, which provided that his probation would begin "after the service of the 45 days." In the instant case, however, it would make no difference if appellant's term technically began on June 22 rather than on July 22. In order to determine the period of his probation, we consider the total length of time he was under probationary supervision. *Workman, supra,* 617 F.2d at 51. Here, regardless of the date his probation technically began, he was not under probationary supervision during the month between June 22 and July 22, 1987, and therefore the earliest he could have completed service of his term was July 22, 1988.

■ Appellant further argues that even if the court had authority to extend his probation on July 11, 1988, it subsequently lost jurisdiction over him. He claims the October 4 extension order had no effect because it was issued after his extended probationary term lapsed on September 21. Although preferable, the trial court need not issue a formal order to extend probation; the initiation of revocation proceedings within the probationary term automatically extends the term until the time the proceedings take place. *Sumpter v. United States,* 564 A.2d 21, 23 (D.C.1989); *Dent v. District of Columbia,* 465 A.2d 841, 842–43 (D.C.1983); D.C.Code § 24–104 (1989 Repl.). Thus, because the trial court issued its original show cause order within the original period of appellant's probation, it retained jurisdiction over him until the January 17 hearing on the matter.

2. It is unclear from the record whether the show cause hearing was conducted on January 16 or January 17.

Finally, appellant contends that the trial court deprived him of due process because it ordered continuances of his revocation hearing without providing him prior notice or an opportunity to be heard. In fact, a trial court need not notify a probationer or hold a hearing prior to issuing a show cause order, even if the order has the effect of extending his probationary term. *Dent, supra,* 465 A.2d at 842–43. A trial court satisfies the requirements of due process where, as here, after it issues the order it promptly notifies the probationer that there is probable cause for revocation of probation, and provides him with an opportunity to be heard before ruling on the matter. *Id.*

*Affirmed.*