**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesus LOYA, Defendant–Appellant.**

No. 94–50220.

United States Court of Appeals,
Ninth Circuit.

Submitted May 3, 1994 *.

Decided May 5, 1994.

Mary E. Maguire, Asst. Federal Public Defender, San Diego, CA, for defendant-appellant.

X. Jay Alvarez, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.

In 1993, appellant Jesus Loya pled guilty to importation of marijuana and was sentenced to 15 months in custody and placed on three years of supervised release. Soon af-

---

* The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34–4.

ter his release from custody, Loya was again indicted for the importation of marijuana. A hearing to determine whether Loya's supervised release should be revoked has been set, and Loya is presently in custody solely pending the hearing.

At his initial appearance in regard to the revocation of supervised release, Loya moved for bail pending the revocation hearing. The district court summarily set a $1,000,000 cash or corporate surety bond pending the hearing.

██ Citing the pretrial provisions of the Bail Reform Act of 1984, as amended, 18 U.S.C. §§ 3141 et seq., Loya argues that the district court erred because it was required to order his release under the least restrictive conditions that will reasonably assure his appearance and the safety of the community. 18 U.S.C. § 3142(c). The government, relying on 18 U.S.C. § 3142(a), counters that 18 U.S.C. § 3142(c) does not apply to this appeal because Loya is not a person charged with an offense pending trial. The government maintains that the applicable statutory provisions are Federal Rules of Criminal Procedure 32.1 and 46(c), which direct the district court to apply the standards of release set forth in 18 U.S.C. § 3143, and the district court properly applied these standards. This is an issue of first impression for the court.[1]

Fed.R.Crim.P. 32.1(a)(1) provides that if there is probable cause to believe a person violated a condition of supervised release, "the person shall be held for a revocation hearing. The person may be released pursuant to Rule 46(c) pending the revocation hearing." Rule 46(c) states: "Eligibility for release pending sentence or pending notice of appeal ..., shall be in accordance with 18 U.S.C. § 3143. The burden of establishing that the defendant will not flee or pose a

danger to any other person or to the community rests with the defendant." Title 18 U.S.C. § 3143 sets forth the standards for release or detention pending sentence and pending appeal.

The sole published decision on this issue is *United States v. Giannetta*, 695 F.Supp. 1254 (D.Me.1988). In a similar procedural context, the court noted: "The pertinent provisions of 18 U.S.C. § 3143, as applicable in these revocation proceedings, equate the probationer's situation to that of a defendant convicted and awaiting imposition of sentence." *Id.* at 1256. The court then reviewed whether the probationer had offered clear and convincing evidence that he was not likely to flee or pose a danger to the community. *Id.* at 1256–57.

The only reason for the court to pause from immediately adopting the reasoning of *Giannetta* and concluding that 18 U.S.C. § 3143 provides the applicable standards for a motion for bail pending a revocation hearing is this court's previous holding in *United States v. Bell*, 820 F.2d 980 (9th Cir.1987). *Bell* held that the Bail Reform Act did "not encompass an appeal from an order revoking probation." *Id.* at 981. The court's holding relied upon the introductory language of the statute, 18 U.S.C. § 3141(b), which permits bail "pending appeal *of conviction or sentence.*" *Id.* (emphasis in original).

This case is distinguishable from *Bell*. In *Bell*, the appellant moved for bail pending appeal after the district court revoked probation. Loya seeks bail pending the hearing on whether to revoke his supervised release. Rules 32.1 and 46(c) provide statutory authorization for bail pending the revocation hearing and direct that the motion be adjudicated in accordance with the provisions of 18 U.S.C. § 3143. The Federal Rules of Criminal Procedure and the Bail Reform Act con-

---

1. Although Loya's appeal of the order denying bail is interlocutory, it is appealable as a collateral order under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See Stack v. Boyle*, 342 U.S. 1, 6, 72 S.Ct. 1, 4, 96 L.Ed. 3 (1951) ("The proper procedure for challenging bail as unlawfully fixed is by motion for reduction of bail and appeal to the Court of Appeals from an order denying such motion."); *Grune v. Coughlin*, 913 F.2d 41, 43–

44 (2d Cir.1990) (order denying bail pending appeal of a judgment denying a writ of habeas corpus is appealable); *Marino v. Vasquez*, 812 F.2d 499, 507 n. 10 (9th Cir.1987) (order granting bail pending appeal of judgment granting writ of habeas corpus is appealable); *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir.1981) (order granting bail pending judgment on petition for writ of habeas corpus is appealable).

tain no reference to bail pending the appeal of an order revoking probation or supervised release.

Moreover, there is a sound practical reason to distinguish this appeal from *Bell.* The test adopted in *Bell,* the "exceptional circumstances" test, is substantially stricter than the provisions of 18 U.S.C. § 3143. *Cf. United States v. Koon,* 6 F.3d 561, 564 (9th Cir.1993) (Rymer, J., conc.). In *Bell,* the defendant was found to have violated a condition of probation. It is proper then to reserve bail only for an extraordinary case. In the case at bar, no determination has been made that Loya violated a condition of supervised release. Therefore, the extremely demanding test of exceptional circumstances should not apply.

In summary, we hold that if a defendant moves for bail pending his or her revocation hearing, the district court shall determine the person's eligibility for release under the standards of release set forth in 18 U.S.C. § 3143.

The record shows that the district court did not provide Loya an opportunity to state his reasons in support of the bail motion. Nor did the district court in denying the motion consider the standards of release set forth in 18 U.S.C. § 3143(a). Accordingly, the district court's order is REVERSED and the case is REMANDED to the district court for further proceedings.

No petition for rehearing will be entertained and the mandate shall issue forthwith. *See* Fed.R.App.P. 2.