Gerry PAYNE, Appellant,

v.

UNITED STATES, Appellee.

No. 01–CO–1290.

District of Columbia Court of Appeals.

Decided Dec. 31, 2001.

Lexi Negin Christ was on appellant's motion for release pending appeal.

Roscoe C. Howard, United States Attorney at the time the motion was filed, and John R. Fisher, Roy W. McLeese, III, and Melinda J. Foster, Assistant United States Attorneys, were on appellee's opposition to the motion for release pending appeal.

Before RUIZ and REID, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

On April 28, 1998, appellant Gerry Payne pled guilty to one count of attempted possession with intent to distribute cocaine.[1] He was sentenced by the Superior Court on June 17, 1998, to a three to nine year term of incarceration (execution suspended as to all but thirty days), and to three years of supervised probation. Mr. Payne was to serve his thirty days over ten consecutive weekends beginning on Friday, June 19, 1998, and ending on Sunday, August 23, 1998. The beginning of Mr. Payne's term of probationary supervision is unfortunately not as clearly delineated. He contends that it began immediately, on June 17, when the trial court issued its sentencing order and he registered for probation at the appropriate office in the Superior Court. But as the trial court has noted, Mr. Payne did not actually report for supervision until he attended a probation orientation on July 1, 1998. In any event, regardless of when his probationary term began, on June 15, 2001, a violation report was sent to the trial judge. It was received in her chambers on June 21, 2001, and on July 2, 2001, she issued an order directing Mr. Payne to appear and show cause why his probation should not be revoked for non-criminal violations of the conditions of his release. Mr. Payne appeared as ordered and was taken into custody pending further proceedings.

Following a hearing on October 2, 2001, the court revoked probation and sentenced Mr. Payne to sixteen to eighteen months of incarceration. The trial judge rejected Mr. Payne's argument that she lacked jurisdiction to issue a show cause order because his probationary term had expired. Relying upon our decision in *Belcher v. United States,* 572 A.2d 453 (D.C.1990), the trial court found that the thirty weekend days Mr. Payne had been in custody tolled the probationary period. This timely appeal, motion for release pending appeal, and opposition soon followed. But as the record presented was insufficient for us to assess the motion for release, we directed the trial court to issue written reasons for its detention of Mr. Payne. A responsive order was promptly transmitted on October 24th.

The trial court concluded that Mr. Payne failed to show by clear and convinc-

---

1.  D.C.Code § 33–549 (1998).

ing evidence that he is "not likely to flee or pose a danger to any other person or property of others" under D.C.Code § 23–1325(c) (2001).[2] Specifically, the record established that Mr. Payne has a criminal history reflecting a guilty plea on April 28, 1998 to attempted possession with intent to distribute cocaine, and a 1993 conviction for simple assault. In a September 2001 pre-sentence report, Mr. Payne was "deemed at medium level risk to the community." During the early part of his probation period he tested positive for cocaine use on more than one occasion, and subsequently failed to report for drug testing. He failed to keep "numerous appointments" with his probation officer and to meet other conditions of his probation. In addition, a bench warrant was necessary to compel his attendance at his probation revocation hearing. Thus, the trial court determined that Mr. Payne could not satisfy the first prong of § 23–1325(c). Turning to the second prong of the statute, the trial court agreed that Mr. Payne had raised "a substantial question of law or fact … about which there is no appellate precedent directly on point." However, the trial court reasoned that under our decision in *Belcher v. United States, supra,* the inter-

vening period of incarceration tolled the probationary period, and hence, Mr. Payne could not meet the second prong of § 23–1325(c)—that "the appeal … raise[ ] a substantial question of law or fact likely to result in a reversal."

I.

■ We see no reason to disturb the trial court's well-articulated findings regarding Mr. Payne's dangerousness and risk of flight. Nonetheless, assuming that the record reveals clear and convincing evidence that Mr. Payne is not likely to flee or to pose a danger to the person or property of others, we address his main contention that the trial court did not have jurisdiction to revoke his probation. In that regard, the question presented is whether an intervening period of incarceration, which is served intermittently over consecutive weekends, tolls a period of supervised probation, and if so, how it does so. We hold that it does under the facts presented.

■ Section 23–1325(c) presumes that a person who has been convicted and sentenced will be detained pending appeal.[3]

2. In pertinent part, the statute provides:
A person who has been convicted of an offense and sentenced to a term of confinement or imprisonment and has filed an appeal or a petition for writ of certiorari shall be detained unless the judicial officer finds by clear and convincing evidence that (1) the person is not likely to flee or pose a danger to any other person or to the property of others, and (2) the appeal or petition for a writ of certiorari raises a substantial question of law or fact likely to result in a reversal or an order for new trial.

3. It is not clear that § 23–1325(c) applies to this case. We note that three United States Circuit Courts have held that the analogous federal bail provision, 18 U.S.C. § 3143(b)(2), does not apply to appeals from orders revoking probation or supervised release, *see United States v. Lodhi,* 21 F.3d 606 (5th Cir.1994);

*United States v. Bell,* 820 F.2d 980 (9th Cir. 1987); *United States v. Lacy,* 643 F.2d 284 (5th Cir.1981); *Baker v. Sard,* 137 U.S.App. D.C. 139, 420 F.2d 1342 (1969), that at least one state court of last resort has reached the same conclusion, *see Martin v. Alaska,* 517 P.2d 1389 (Alaska 1974), and so has a trial court in this jurisdiction. *See United States v. Flynn,* 122 Wash. L. Rptr. 1021 (D.C.Super.Ct.1994). But we see no need to decide the question, since those decisions also hold that courts nonetheless have an inherent power to order a detainee released pending a determination of the merits of their case. *See Baker,* 137 U.S.App. D.C. at 140, 420 F.2d at 1343. Moreover, the standard to be applied in those situations is nearly the same as that created by § 23–1325(c). Namely, whether the movant has shown "exceptional circumstances" such as a "substantial claim[ ] upon which [they] have a high probability of suc-

If a person is unsuccessful in overcoming this presumption below, they may seek review here by way of a motion for release filed in the pending appeal. D.C.Code § 23–1324(b). While we will defer greatly to the trial court's factual findings, *see Johnson v. United States*, 291 A.2d 697, 698 (D.C.1972) (detention will be affirmed if the findings are "supported by the proceedings below"); *accord, Ibn–Tamas v. United States*, 368 A.2d 520, 522 (D.C. 1977), our inquiry into whether a substantial legal question has been raised is *de novo*. D.C.Code § 23–1325(d).

■ Mr. Payne contends his appeal raises such a question because the trial judge lacked jurisdiction to revoke his probation. It is well-established that a trial court has no jurisdiction to revoke a person's probation unless it acts to initiate revocation proceedings before the probationary period expires. *Neal v. United States*, 571 A.2d 222, 225 (D.C.1990) (citations omitted). Moreover, it is the court itself which must act within the term, and not merely the probation officer. *Id.* So, the dispositive factual points in this case are: (1) when did Mr. Payne's probationary term end, and (2) was the trial court's show cause order issued within that term. But the answer to both depends on the additional question of whether Mr. Payne's intermittent incarceration tolled the expiration of his probationary term.

Two seemingly contradictory precedents inform our consideration of that novel question. In *Belcher v. United States*, 572 A.2d 453 (D.C.1990), we held that an intervening period of incarceration on an unrelated charge tolled the probationary period. Conversely, a year earlier in *White v. United States*, 564 A.2d 379 (D.C.1989), we held that an intervening period of incarceration on an unrelated charge did not automatically toll the probationary period. Not surprisingly, the reason for these distinct holdings may be found in the facts of the cases. In *Belcher*, the appellant was never released from custody. Following the completion of his initial sentence, he immediately began serving a subsequent term on an unrelated charge. Because of this he was never actually under supervision until he was released upon completing his second term. In *White*, however, the appellant was already under probationary supervision when he was arrested for an unrelated crime. His term was ongoing and he was actually under supervision at the time of his arrest.

Mr. Payne's circumstances fit neatly into neither situation. We assume that his probation began on June 17, 1998, immediately upon sentencing, *see Wright v. United States*, 315 A.2d 839, 841 (D.C.1974) (" 'probationary term' may and should be construed for revocation purposes as including the term beginning at the time probation is granted"), and that his term was ongoing. But since probation statutes are broadly drawn "in order to accommodate the different situations surrounding various offenders," *id.*, we conclude that the intermittent nature of Mr. Payne's sentence-with its periods where he was specifically and repeatedly removed from supervision and remanded to the custody of the Attorney General—distinguishes his case from *White* and that his probationary term was automatically tolled during his weekends in jail when he was not actually under supervision. *See United States v. Workman*, 617 F.2d 48, 51 (4th Cir.1980) ("probationer cannot obtain credit against [their probationary term] for any period during which [they are not], *in fact*, under probationary supervision . . . .") (emphasis added); *United States v. Lancer*, 508 F.2d 719, 733 n. 42 (3d Cir.1975) (in the absence

cess." *Bell*, 820 F.2d at 981; *Lodhi*, 21 F.3d      at 607.

of specific direction from the trial court, probation is tolled during periods of incarceration and does not resume until "release from confinement"); *United States v. Schwartz,* 903 F.Supp. 852, 855 (E.D.Pa. 1995) ("it would make little sense to have a defendant in prison also serving probation at the same time.").

Since his probationary term was tolled for thirty days, it did not expire until July 16, 2001; the trial court's July 2, 2001, order to show cause was issued within the appropriate time frame; Mr. Payne cannot show a substantial question likely to result in the reversal of the detention order; and his motion for release pending appeal is therefore

*Denied.*