UNITED STATES of America, Plaintiff–Appellee,

v.

O'Rane CORNISH, Defendant–Appellant.

No. 03–6606.

United States Court of Appeals, Sixth Circuit.

March 10, 2004.

Before SILER, MOORE, and SUTTON, Circuit Judges.

*ORDER*

The defendant appeals a district court order denying his motion for release on bond pending a ruling on his September 3, 2003, motion for a new trial. We unanimously agree that the facts and legal arguments are adequately presented and that the decisional process would not be significantly aided by oral argument. *See* Fed. R.App. P. 9(b); 34(a).

The considerations governing release under the Bail Statute, 18 U.S.C. § 3143(b), do not apply to prisoners, such as the defendant, who are seeking post-conviction relief. "Instead, Fed. R.App. P. 23 governs the issue of the release or detention of a prisoner, state or federal, who is collaterally attacking his or her criminal conviction." *United States v. Mett,* 41 F.3d 1281, 1282 (9th Cir.1994). *See United States v. Kelly,* 790 F.2d 130, 139 (D.C.Cir.1986); *United States v. Dansker,* 561 F.2d 485, 487 (3d Cir.1977) (en banc). A prisoner seeking release from custody under Rule 23 must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstances making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir.1990) (quoting *Aronson v. May,* 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964) (Douglas, J., in chambers)). "Merely to find that there is a substantial question is far from enough." *Glynn v. Donnelly,* 470 F.2d 95, 98 (1st Cir.1972); *see Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir.1993); *Dallo v. I.N.S.,* 765 F.2d 581, 589 (6th Cir.1985). Having reviewed and considered the defendant's brief and reply brief, together with the corrections, supplemental materials, and motions for miscellaneous relief he has filed, we conclude there has been no showing of exceptional circumstances in the present case.[1]

The district court's order denying release pending appeal is **AFFIRMED.** The defendant's motions for miscellaneous relief are **DENIED.**

---

1. We note that the district court relied on the Bail Statute, rather than Rule 23, in denying the defendant's motion for release. Had the district court applied Rule 23, the result would be the same given that there has been no showing of exceptional circumstances.