# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2008

Charles R. Fulbruge III
Clerk

No. 08-50206
Summary Calendar

GERALD LEO ROGERS

Petitioner-Appellant

v.

UNITED STATES PAROLE COMMISSION

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-170

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Gerald Leo Rogers, federal prisoner # 12327-086, has moved to proceed in forma pauperis (IFP) in his appeal of the district court's denial of relief on his 28 U.S.C. § 2241 petition. By moving for IFP status, Rogers is challenging the district court's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rogers filed the § 2241 petition to challenge the revocation of his parole on charges that he committed a criminal fraud violation. Rogers, who has two previous criminal convictions, first argues that those convictions are invalid because the courts in which he was convicted lacked jurisdiction and because the Government lacked standing. Because his previous convictions are invalid, Rogers contends, the United States Parole Commission (the Commission) lacks authority over him.

A § 2241 petition that attacks errors that occurred at trial or sentencing may be considered under the "savings clause" of 28 U.S.C. § 2255(e) if the prisoner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." Rogers, however, has not met his burden to show that his claims satisfy the savings clause. See Wesson v. Penitentiary, Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002); Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Rogers also contends that his due process rights were violated at his revocation hearing because he was denied the right to confront four adverse witnesses. He asserts that the witnesses, who are Government agents, were involved in the premature seizure of his company's assets, and he alleges that the actions of these witness caused investors in his company to lose five million dollars.

A parolee who was denied due process must show that he was prejudiced by the violation. Brecht v. Abrahamson, 507 U.S. 619, 637-39 (1993). He must show that the due process violation had a substantial and injurious effect or influence in determining the proceeding's outcome. Williams v. Johnson, 171 F.3d 300, 307 (5th Cir. 1999).

Rogers has not shown that the testimony of the four witnesses would have been relevant to the Commission's determination that he committed investment fraud by, inter alia, making statements to investors that were misleading and by failing to disclose material facts in securing investments. Because he has not

shown that the claimed due process violation had a substantial and injurious effect or influence in determining the proceeding's outcome, Rogers has failed to make the required showing of prejudice. See Brecht, 507 U.S. at 637-39; Williams, 171 F.3d at 307.

Rogers has not shown that the district court's determination that his appeal would be frivolous was incorrect. Accordingly, his appeal is dismissed as frivolous, and his request to proceed IFP is denied. See Baugh, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

Rogers has filed a motion seeking a stay of incarceration under Rule 18 of the Federal Rules of Appellate Procedure. The Government has moved for leave to file an out-of-time response to Rogers' motion. The Government's motion is granted.

Because this court is not the initial judicial tribunal to consider Rogers' claims regarding the Commission's actions, he cannot obtain relief under FED. R. APP. P. 18. See Tesfamichael v. Gonzales, 411 F.3d 169, 174 (5th Cir. 2005). If Roger's motion is instead considered as a motion for release pending appeal, he likewise is not entitled to relief because he fails to demonstrate the existence of exceptional circumstances. See United States v. Lacy, 643 F.2d 284, 285 (5th Cir. 1981). Accordingly, Rogers' motion is denied.

APPEAL DISMISSED; IFP MOTION DENIED; MOTION FOR LEAVE TO FILE AN OUT-OF-TIME RESPONSE GRANTED; MOTION FOR STAY OF INCARCERATION DENIED.